IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGELIS HERNÁNDEZ VARGAS and
LISANDRA VARGAS VEGA,

    Plaintiffs,

        v.                             CIVIL NO.: 10-1153 (MEL)

ELEINN FIGUEROA CARRIÓN, et al.,

    Defendants.

**OPINION AND ORDER**

**I.    Procedural History**

On February 23, 2010, plaintiffs Angelis Hernández Vargas ("Hernández-Vargas") and her mother, Lisandra Vargas Vega ("Vargas-Vega"), filed a complaint in the present action against defendant police officers Eleinn Figueroa Carrión ("Figueroa-Carrión") and Johanna Caraballo ("Caraballo") asserting causes of action pursuant to 42 U.S.C. §§ 1983 and 1988 ("Section 1983" and "Section 1988," respectively), as well as pendent state law claims under Article 1802 of the Civil Code of Puerto Rico.[1] (Docket No. 1.) Defendant Figueroa-Carrión filed his answer on September 13, 2010, and defendant Caraballo filed her answer on September 22, 2010. (Docket Nos.13; 17.)

Pending before the court is defendant Figueroa-Carrión's motion to dismiss Vargas-Vega's claims, joined by defendant Caraballo. (Docket Nos. 12; 15.) The motion is unopposed.

---

[1] The complaint also brings claims against several unidentified members of the Puerto Rico Police Department. (Docket No. 1, ¶ 7.)

**II.     Statement of Factual Allegations**

Plaintiffs allege that on February 23, 2009 Hernández-Vargas went to Avenida Fraternidad in Arecibo, Puerto Rico to retrieve a mobile phone belonging to one of her friends from Esthefany Cruz Soto ("Cruz-Soto"). (Docket No. 1, ¶¶ 10, 12.) While the two were talking, defendant police officers Figueroa-Carrión and Carballo, accompanied by several unidentified police officers, allegedly accosted Hernández-Vargas and asked her what she was doing at that location. (Docket No. 1, ¶ 11.) The complaint states that while Hernández-Vargas was responding, Figueroa-Carrión – without provocation or justification – suddenly threw her violently against Cruz-Soto's vehicle, handcuffed her, and then pushed her to the ground. (Docket No. 1, ¶¶ 12-13.) Plaintiffs assert that despite Hernández-Vargas' lack of resistance, Figueroa-Carrión and the other police officers then proceeded to "savagely and aggressively [punch] and [kick] her." (Docket No. 1, ¶ 14.) Following the alleged assault, Hernández-Vargas was detained at the police station, where she was denied the right to use the telephone to contact her mother and was denied medical attention despite the visible bruises and abrasions she had sustained. (Docket No. 1, ¶¶ 16-17.) The complaint states that the following morning Hernández-Vargas was charged with assault and resisting arrest, but that all charges were dismissed by the local court. (Docket No. 1, ¶ 19.) Hernández-Vargas avers that she continues to receive medical treatment for the physical and mental injuries she sustained, and that she has since been unable to return to a normal life. (Docket No. 1, ¶ 21.)

**III.   Legal Analysis**

    **A.   Standard of Review for Motion to Dismiss for Lack of Standing**

Under Rule 12(b)(1), a defendant may move to dismiss an action against him based on a lack of federal subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1); see also United Seniors Ass'n v. Philip Morris USA, 500 F.3d 19, 23 (1st Cir. 2007) (addressing dismissal for lack of standing as a challenge to subject matter jurisdiction under Rule 12(b)(1)). Since federal courts have limited jurisdiction under Article III of the Constitution, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. See Sanchez v. United States, 707 F. Supp. 2d 216, 226 (D.P.R. 2010). Motions brought under Rule 12(b)(1) are subject to the same standard of review as a Rule 12(b)(6) motion. See Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994). Therefore, the court must construe the complaint liberally, accepting as true all well-pled factual allegations, and indulge all reasonable inferences in the plaintiff's favor. See Aversa v. United States, 99 F.3d 1200, 1209-10 (1st Cir. 1999).

    **B.   Plaintiff Vargas-Vega's Section 1983 Claim**

Defendants argue that plaintiff Vargas-Vega's claim under Section 1983 should be dismissed because she lacks standing to sue under the statute. (Docket No. 12, pp. 4-8.) To wit, they argue that Vargas-Vega's claim is grounded solely on alleged actions perpetrated against her daughter, Hernández-Vargas, and that Vargas-Vega's own constitutional rights have not been violated. (Docket No. 12, pp. 7-8.)

Section 1983 provides a private right of action against a person who, under color of state law, deprives another of his or her constitutional rights. Harrington v. City of Nashua, 610 F.3d 24, 28 (1st Cir. 2010). "Only persons who have been subject to constitutional deprivations may bring

3

actions under [Section] 1983." <u>Nunez Gonzalez v. Vazquez Garced</u>, 389 F. Supp. 2d 214, 218 (D.P.R. 2005) (citation omitted). The First Circuit has held that an individual cannot bring claims under Section 1983 for violations of a family member's constitutional rights unless the conduct in question was directed at the familial relationship. <u>Id.</u>; see <u>Robles-Vazquez v. Garcia</u>, 110 F.3d 204, 206 n.4 (1st Cir. 1997) ("surviving family members cannot recover in an action brought under [Section] 1983 for deprivation of rights secured by the federal constitution <u>for their own damages</u> from the victim's death unless the unconstitutional action was aimed at the familial relationship.") (emphasis in original).

In the instant case, plaintiff Vargas-Vega's Section 1983 claim is premised entirely on the alleged injuries suffered by her daughter. The complaint states that "[d]efendants [sic] unconstitutional actions and omissions have caused [Vargas-Vega] extreme emotional pain and anguish as she has watched how the physical and emotional health of her daughter has being [sic] impaired." (Docket No. 1, ¶ 23.) Plaintiffs do not allege any specific ways in which the defendants targeted Vargas-Vega, nor do plaintiffs claim that the alleged assault on Hernández-Vargas was carried out in order to interfere with Vargas-Vega's familial relationship with her daughter.[2] (Docket No. 1); see <u>Rivera v. Diaz</u>, 2010 U.S. Dist. LEXIS 37488, at *9 (D.P.R. Apr. 15, 2010) (dismissing co-plaintiffs' Section 1983 claim due to lack of standing where complaint did not allege that any "acts of the appearing co-defendants were directed at them or were carried out to interfere with co-plaintiffs' familial relationships."). Therefore, the court finds that Vargas-Vega lacks

---

[2] While the complaint states that the defendants allegedly "denied [Hernández-Vargas] the right to make a telephone call or contact her mother," the court reads this allegation as stating that Hernández-Vargas was denied the right to contact anybody – including her mother – rather than that the defendants were attempting to cause injury to Vargas-Vega by specifically refusing to allow her daughter to contact her.

standing to bring claim under Section 1983.

Based on the foregoing, the court hereby GRANTS defendants' motion (Docket Nos. 12; 15) to dismiss plaintiff Vargas Vega's claim under Section 1983 for lack of subject matter jurisdiction.

### C.    Plaintiff Vargas-Vega's Claim Under Article 1802

As plaintiff Vargas-Vega's federal claim under Section 1983 is dismissed herein, the court declines to consider her supplemental claim under Article 1802 of the Civil Code. See 28 U.S.C. § 1367(c)(3); González-De-Blasini v. Family Dept., 377 F.3d 81, 89 (1st Cir. 2004) (stating that a "district court may decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims under which it has original jurisdiction"). Therefore, the court hereby GRANTS defendants' motion (Docket Nos. 12; 15) to dismiss Vargas-Vega's claim under Article 1802 without prejudice.

### IV.   Conclusion

In view of the foregoing, the court hereby GRANTS defendants' motion to dismiss (Docket Nos.12; 15) plaintiff Vargas-Vega's claims, as follows: plaintiff's Section 1983 claim is DISMISSED WITH PREJUDICE for lack of standing, and her Article 1802 claim is DISMISSED WITHOUT PREJUDICE, pursuant to 28 U.S.C. § 1367.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 3rd day of January, 2011.

s/Marcos E. López  
U.S. Magistrate Judge