IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGELIS HERNÁNDEZ VARGAS and LISANDRA VARGAS VEGA,<br><br>    Plaintiffs,<br><br>        v.<br><br>ELEINN FIGUEROA CARRIÓN, et al.,<br><br>    Defendants. | CIVIL NO.: 10-1153 (MEL) |

**OPINION AND ORDER**

Upon review of the Initial Scheduling Memorandum filed by the parties (Docket No. 34) and the dispositive arguments raised therein, the court makes the following rulings:

In light of the fact that there is no allegation in the complaint that plaintiffs were convicted and sentenced, all Eighth Amendments claims are dismissed with prejudice. The Eighth Amendment only applies to convicted inmates. Burrell v. Hampshire County, 307 F.3d 1, 7 (1st Cir. 2002).

This case concerns actions allegedly taken by Puerto Rico Police Department officers, not federal actors. Therefore, the Fifth Amendment is inapplicable. See Martínez-Rivera v. Sánchez-Ramos, 498 F. 3d 3, 8 (1st Cir. 2007). Fifth Amendment claims are likewise dismissed with prejudice.

All claims against supervisors for failure to train or properly supervise the PRPD officers that intervened with plaintiffs are dismissed with prejudice for failure to state a claim upon which relief can be granted:

> Plaintiff's allegations against the Supervising Officer Defendants are insufficient to sustain a claim of liability under §1983. Plaintiff does not identify the factual

underpinnings of the Supervising Officers' alleged failures to train their subordinates, nor does he state what "dangerous tendencies" the Officer Defendants exhibited or how the Supervising Officers would have had knowledge of these tendencies.  See Rodríguez Vázquez v. Cintrón Rodríguez, 160 F.Supp. 2d 204, 212 (D.P.R. 201) (failure to allege prior wrongdoings or supervisor's knowledge of such is fatal to claim of supervisory liability under §1983).  Furthermore, Plaintiff fails to sufficiently plead the causal nexus between the alleged failures to train and supervise and the actions committed by the Officer Defendants...  Plaintiff's complaint essentially outlines the standard used to determine whether an official is responsible under a theory of supervisory liability.  Such conclusory allegations are insufficient to sustain a §1983 claim for supervisory liability.  See Rossi Cortes, 540 F.Supp. 2d at 324 (citing Esteras, 266 F.Supp. 2d at 283) (recognizing that "[b]oilerplate [sic] language' regarding a defendant's failure to train his subordinates is insufficient to a sustain a Section 1983 claim.")

See Román Rivera v. Miranda Díaz, 2010 U.S. Dist. LEXIS 37488, at *25-*26 (D.P.R., April 15, 2010).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 31st day of January, 2011.

s/Marcos E. López  
U.S. Magistrate Judge

2