IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGELIS HERNÁNDEZ VARGAS et al.,

    Plaintiffs,

    v.

ELEINN FIGUEROA CARRIÓN, et al.,

    Defendants.

CIVIL NO. 10-1153 (MEL)

**OPINION AND ORDER**

On February 1, 2011, the court issued an amended case management order setting the deadline to conclude all the depositions of fact witnesses by July 29, 2011. Docket No. 41 at 2. This order also warned the parties that failure to comply with the deadlines set by the court would result in the impositions of sanctions. Id. at 1. On August 9, 2011, defendants Eleinn Figueroa-Carrión and Johanna Caraballo-López moved the court to dismiss the complaint in this case pursuant to Federal Rule of Civil Procedure 41(b). Docket No. 44. In said motion, defendants allege that despite communicating with plaintiff's counsel on June 16, 2011 about available dates for the scheduling of depositions, almost two months had transpired without hearing from counsel. Id. On September 1, 2009, the court ordered plaintiffs to show cause by September 8, 2011 as to why this case "should not be dismissed for lack of compliance with the court's orders and/or lack of diligent prosecution." Docket 45.

On September 22, 2011, defendants requested once again the dismissal of the case pursuant to Fed.R.Civ.P. 41(b). Docket No. 46. To this date, plaintiffs have not filed any responses to both of the motions to dismiss filed by the defendants and have not complied with the court's order to show cause. "A district court, as part of its inherent power to manage its own docket, may dismiss a case *sua sponte* for any of the reasons prescribed in Fed.R.Civ.P. 41(b). Lack of diligent prosecution is such a reason."

Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 525-26 (2002) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962)). "In general, the sanction of dismissal for lack of prosecution is appropriate only when plaintiff's misconduct is serious, repeated, contumacious, extreme, or otherwise inexcusable." Bachier-Ortiz v. Colón-Mendoza, 331 F.3d 193, 195 (1st Cir. 2003) (citation omitted).

Plaintiffs have failed to comply with the court's amended case management order. They have also failed to comply with the court's order to show cause as to why the case should not be dismissed. Furthermore, more than three months have elapsed since the first motion to dismiss was filed and the plaintiffs have not filed any response in opposition. More than a month has transpired since the second motion to dismiss was filed and plaintiffs have not filed any response in opposition. This pattern of disregarding court orders is inexcusable, as it is the indifference displayed by plaintiffs towards the pending dispositive motions.

WHEREFORE, the motion to dismiss is GRANTED. The complaint is hereby DISMISSED WITH PREJUDICE for lack of diligent prosecution and lack of compliance with the court's orders.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 16th day of November, 2011.

s/ Marcos E. López
United States Magistrate Judge